IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| COUNTLESS FLEMING, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 2:11-cv-02184-BBD-dkv |
| SANTANDER CONSUMER USA, INC., and RONALD SMITH, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| SANTANDER CONSUMER USA, INC., | ) ) ) | |
| Counter-Claimant, | ) ) | |
| vs. | ) ) | |
| COUNTLESS FLEMING, | ) ) | |
| Counter-Defendant | ) ) | |

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT

In this debt collection lawsuit, plaintiff, Countless Fleming ("Fleming"), alleges that the defendant, Santander Consumer USA, Inc. ("Santander"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* Santander has made a counter-claim against Fleming for breach of contract. Before the court is the August 23, 2011 motion for summary judgment filed by Santander. Fleming has filed a response, and Santander has filed a reply. The motion was referred to the United States Magistrate Judge for a

Report and Recommendation. For the reasons that follow, it is recommended that the motion be granted.

## I. FACTS

For purposes of summary judgment, the court finds the following facts are undisputed: On or about July 8, 2008, Fleming and Gosset Motor Cars ("Gosset") entered into a retail installment contract for the purchase of an automobile. (Aff. of Overman, ¶ 6, D.E. 16-2.) By virtue of the contract, Fleming granted Gosset a security interest in the automobile and also gave Gosset the right to assign the contract to another party. (Aff. of Overman, ¶ 6, 7, D.E. 16-2.) On the contract, Gosset gave Fleming notice that the contract would be assigned to Drive Financial Services ("Drive"). (Pl.'s Resp., Ex. 3, D.E. 19-3.) The contract required Fleming to make monthly payments to the creditor in the amount of $554.03 beginning August 22, 2008. (Pl.'s Resp., Ex. 3, D.E. 19-3; Aff. of Overman, ¶ 8, D.E. 16-2.) The contract was assigned to Drive on July 15, 2008. (Second Aff. of Overman, ¶ 7, D.E. 22-1.)

At the time of this assignment, Santander was operating under the names "Drive," "Drive Financial," and "Drive Financial Services." (Second Aff. of Overman, ¶ 8, D.E. 22-1.) Fleming was on notice of this no later than May 2009, as her account statement from Drive noted ownership by Santander of Drive as follows, "Santander Consumer USA Inc., d/b/a Drive Financial or Drive." (Pl.'s Resp., Ex. 6, 2, D.E. 19-6.) Further, on the May 2009 statement Drive notified Fleming that soon it would change its name

2

to Santander Consumer USA.[1] (Pl.'s Resp., Ex. 6, 2, D.E. 19-6.)

As of May 2009, Fleming was in default on her account with Santander. (Aff. of Fleming, ¶ 4, D.E. 20.) Santander sent to Fleming multiple account statements noting that she was late on her payments. Additionally, Santander tried to contact Fleming by telephone multiple times to try to make payment arrangements. (Aff. of Overman, ¶ 11, 12, D.E. 16-2; Pl.'s Resp., Ex. 6, D.E. 19-6.) Although her account was in default, Fleming also refused to surrender possession of the vehicle. (Aff. of Overman, ¶ 13, D.E. 16-2.) Fleming then retained counsel, who sent a letter on May 19, 2010 to Santander advising them that Fleming intended to file a suit against them for allegedly violating the Fair Debt Collection Practices Act. (Pl.'s Resp., Ex. 8, D.E. 19-8.) Fleming's counsel also proposed a settlement option. (Pl.'s Resp., Ex. 8, D.E. 19-8.) On June 2, 2010, Santander responded to this letter, advising Fleming's counsel that Santander carefully followed all regulations regarding debt collection and declined to respond to the threat of the lawsuit. (Pl.'s Resp., Ex. 9, D.E. 19-9.)

Eventually, on January 27, 2011, Fleming filed a civil action in General Sessions Court for Shelby County, Tennessee alleging that Santander violated the Fair Debt Collection Practices Act by engaging in calls and other collection activities against Fleming at her home and on her cell phone between April 19, 2010 and May 30, 2010. Santander was served with the General Sessions civil

---

[1] Essentially, the creditor was ceasing to use its assumed name and reverting back to its original name.

warrant on February 7, 2011, and Santander then removed the action to the United States Court for the Western District of Tennessee. Santander filed a timely answer and counter-claim asserting that by defaulting on her account, Fleming had breached the contract, thereby entitling Santander to monetary damages of the balance due on the contract, possession of the vehicle, costs and attorney fees.  On August 23, 2011 Santander filed a motion for summary judgement on this matter.

## II. DISCUSSION

A.  <u>Summary Judgment Standard</u>

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, the discovery and disclosure of materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993); *Osborn v. Ashland County Bd. of Alcohol, Drug Addiction & Mental Health Servs.*, 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam).  The moving party has the burden of showing that there are no genuine issues of material fact in the case.  *LaPointe,* 8 F.3d at 378.  This may be accomplished by pointing out to the court that the non-moving party lacks evidence to support an essential element of its case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

In response, the non-moving party must go beyond the pleadings and present significant probative evidence to demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993); *see also LaPointe*, 8 F.3d at 378. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)(emphasis in original); *LaPointe*, 8 F.3d at 378. Likewise, the non-moving party must present more than a mere scintilla of evidence in support of their position; there must be evidence on which the jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 252; *LaPointe*, 8 F.3d at 378. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Patton*, 8 F.3d at 346; *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

B. <u>Fleming's Fair Debt Collection Practices Act Claim Against Santander</u>

Fleming alleges that Santander is a "debt collector" and, therefore, violated the Fair Debt Collection Practices Act ("FDCPA") by making telephone calls to Fleming regarding her debt. Santander contends that it is entitled to summary judgment on

Fleming's cause of action for its violation of the FDCPA because Santander is not a "debt collector" whose actions are regulated by the FDCPA or in violation of the FDCPA.

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Montgomery v. Huntingdon Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (citing 15 U.S.C. § 1692(e)). The essential question in this matter is whether Santander is a "debt collector" that is subjected to the regulations of the FDCPA. The term "debt collector" is defined by the FDCPA as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). The specific exclusion provided by the FDCPA in clause (F) states that the term "debt collector" does not include "any person collecting or attempting to collect any debt owed . . . to the extent that such activity . . . (ii) concerns a

6

debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6). In addition, the legislative history of the FDCPA "indicates conclusively that a debt collector does not include the consumer's creditors." *Montgomery v. Huntingdon Bank*, 346 F.3d at 698 (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). For clarity, the FDCPA defines the term "creditor" as "any person who offers or extends credit creating a debt . . . but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

In the present case, Fleming alleges that Santander is a "debt collector" for two reasons: (1) Santander acquired the debt owed by Fleming from Drive Financial Services, LP when it was already in default; and (2) Santander actually admitted in correspondence to Fleming that it was a "debt collector." (Pl.'s Resp., 6, D.E. 19.) Fleming also alleges that Santander is a debt collector because it was attempting to collect a debt under an assumed name. (Pl.'s Resp., 8, D.E. 19.) Santander conversely claims that Fleming's contract was assigned to them directly by Gosset, before it was in default, making them a creditor, rather than a debt collector. (Aff. of Overman, ¶ 7, D.E. 16-2.) Also, Santander states that it is primarily in the business of extending credit to automobile purchasers, and not collecting debts due to others. (Aff. of Overman, ¶ 4, 5, D.E. 16-2.)

7

The record reflects that Gosset did in fact assign Fleming's contract directly to Santander, which was operating under the name Drive Financial Services at the time the contract was formed. (Second Aff. of Overman, ¶ 8, D.E. 22-1.) Drive Financial Services, LP was a separate entity from Santander and was actually dissolved two years before the contract in dispute was completed, so at all times, Santander was the owner of this contract. (Second Aff. of Overman, ¶ 7, 8, D.E. 22-1; Pl.'s Resp., Ex. 4, D.E. 19-4.) Santander was operating under the assumed name of Drive Financial Services when the contract was consummated and then later, with notice to Fleming, dropped the assumed name and returned to its original name of Santander. (Second Aff. of Overman, ¶ 8, 9, D.E. 22-1; Pl.'s Resp., Ex. 5, D.E. 19-5.) There is no evidence that Santander ever held itself out as a third party debt collector. In fact, the record shows that on Fleming's invoices, it was specifically noted that Santander and Drive were the same entity. (Pl.'s Resp., Ex. 6, 2, D.E. 19-6.) Fleming simply has not put forth any evidence to show Santander is a "debt collector" who is in violation of the FDCPA.

Further, the record does not reflect that Santander ever admitted to being a "debt collector" in its correspondence with Fleming. The only evidence provided by Fleming relative to this argument is a letter where Santander simply stated that its policy was to abide by the FDCPA, but Santander never referred to themselves as "debt collectors." (Pl.'s Resp., Ex. 9, D.E. 19-9.) Fleming has failed to provide any evidence demonstrating that there

is a genuine issue for trial as to whether Santander is a "debt collector." Therefore, Santander is entitled to summary judgment on Fleming's claims against it.

C. <u>Santander's Breach of Contract Claim Against Fleming</u>

Santander contends that it is entitled to summary judgment on its cause of action against Fleming for breach of contract because Fleming failed to make payments that were due pursuant to the contract. Santander argues that it is entitled to possession of the vehicle, monetary damages for the balance remaining on the contract, and for attorney fees and costs. Fleming argues that she continued to make payments pursuant to the contract after the instant lawsuit was filed and disputes the remaining balance.

Under contract law, a party cannot unilaterally refuse to honor her payment obligations on a retail installment contract. *Davenport v. Chrysler Credit Corporation*, 818 S.W.2d 23, 26 (Tenn. App. 1991). A party's continued refusal to make payments pursuant to the terms of the contract gives the opposing party an adequate basis to consider the loan in default. *Id.* Once the creditor has declared the loan in default, it has a right under Tennessee law to recover possession of its collateral, as well as a right to money damages for the balance due on the account. *Id.* at 27, 32.

In the present case, the record shows that Santander declared the contract in breach when Fleming failed to make the payments as they were due pursuant to the retail installment contract. (Second Aff. of Overman, ¶ 15, D.E. 22-1.) Fleming has acknowledged that she was required to make 72 monthly payments of $554.03 to

9

Santander beginning on August 22, 2008. (Pl.'s Answer to Countercl., ¶ 6, 8, D.E. 11.) Fleming further acknowledged that she did not make the payments pursuant to these terms and that she was in default on her account as early as May 2009. (Aff. of Fleming, ¶ 3, D.E. 20.) The payment history provided by Santander demonstrates that Fleming only made twenty-five of the payments due, two of which were returned for insufficient funds. (Def.'s Ex 2 to Reply to Pl.'s Resp., D.E. 22-2; Second Aff. of Overman, ¶ 14, D.E. 22-1.) This allegation is also supported by the delinquent notices provided by Fleming. (Pl.'s Resp., Ex. 9, D.E. 19-9.) Santander maintains that Fleming has refused to surrender her possession of the automobile, and the remaining balance on the contract is $23,713.75. (Aff. of Overman, ¶ 13, 15, D.E. 16-2.)

The only evidence cited to by Fleming is her own affidavit where she claims to have continued to make payments on the loan. (Aff. of Fleming, ¶ 2, D.E. 20.) Other than this statement by Fleming, the record is devoid of any evidence that supports Fleming's argument. Fleming did not produce any evidence of these alleged payments. The only evidence in the record regarding payments on this loan is the payment history provided by Santander and the affidavit of Fleming, in which she admits that her account was in default. Fleming has failed to provide sufficient evidence to establish a genuine issue of material fact as to whether she is in breach of the contract's terms and that Santander is entitled to the remaining balance, possession of the vehicle, and attorney's fees and costs. For these reasons, summary judgment in favor of

Santander on its claim against Fleming is appropriate.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that Santander's motion for summary judgment be granted as to Fleming's claim against Santander and Santander's claim against Fleming, and that judgment be entered in favor of Santander for monetary damages in the amount pf $23,713.75, possession of the vehicle, attorney fees and costs.

Respectfully submitted this 7th day of November, 2011.

s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE