UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| COUNTESS FLEMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-2184-STA-dkv |
| | ) | |
| SANTANDER CONSUMER USA, INC., and | ) | |
| RONALD SMITH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SANTANDER CONSUMER USA, INC., | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTESS FLEMING, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation on Defendant's Motion for Summary Judgment (D.E. # 24), filed on November 7, 2011. On August 23, 2011, Defendant Santander Consumer USA, Inc. ("Defendant") filed a Motion for Summary Judgment (D.E. # 16),[1] which Judge Donald[2] referred to Magistrate Judge Vescovo for a Report and

---

[1] Defendant Ronald Smith has never appeared in this case, nor has he been terminated.

[2] This case was originally before Judge Donald, but following her confirmation to the Sixth Circuit Court of Appeals, the case was reassigned to the Court.

1

Recommendation ("Report") on September 27, 2011.  (D.E. # 17.)  Neither party has filed objections to the Report.  For the reasons set forth below, the Magistrate Judge's Report is **ADOPTED**, and Defendant's Motion is **GRANTED**.

## BACKGROUND

This case arises out of a retail installment contract ("the Contract") for the purchase of an automobile ("the Vehicle").  Plaintiff began this case by filing a Civil Warrant in General Sessions Court for Shelby County, Tennessee, on January 27, 2011.  (D.E. # 1 at 1.)  Plaintiff's Civil Warrant alleged that Defendant had violated the Fair Debt Collection Practices Act ("FDCPA") from April 19, 2010, to May 30, 2010, because it conducted "phone calls and other collection activities . . . against Plaintiff at her home and cell phone."  (D.E. # 1-2 at 2.)  Defendant filed a Notice of Removal (D.E. # 1) on March 9, 2011, thereby removing the case to this Court.

After removal, Defendant filed an Answer and a Counterclaim for breach of contract.  (D.E. # 4.)  After Defendant motioned for entry of default against Plaintiff on May 2, 2011 (D.E. # 5), the Clerk of Court entered default on May 5, 2011.  (D.E. # 6.)  Plaintiff then moved to set aside the entry of default on May 20, 2011 (D.E. # 8), and the court set aside the entry of default on June 28, 2011.  (D.E. # 15.)  In the meantime, Plaintiff filed her Answer to Defendant's Counterclaim on June 8, 2011.  (D.E. # 11.)

On August 23, 2011, Defendant filed its Motion for Summary Judgment on both Plaintiff's claim for violation of the FDCPA and its own counterclaim for breach of contract.  (D.E. # 16.)  After the court referred the Motion for Summary Judgment to the Magistrate Judge (D.E. # 17) on September 27, 2011, Plaintiff filed a Response (D.E. # 19) on October 6, 2011.

Defendant filed its Reply (D.E. # 22) on October 20, 2011. The Magistrate Judge issued her Report (D.E. # 24) on November 7, 2011.

According to the Report, Plaintiff was required to file objections with the court by November 17, 2011. However, on December 1, 2011, Plaintiff moved for an extension of time to prepare the objections and requested until December 5, 2011 to object to the Report. (D.E. # 25.) When the case was reassigned to the Court on December 29, 2011, Plaintiff had not filed any objections to the Report. Therefore, the Court found Plaintiff's Motion for an Extension of Time to be moot on December 30, 2011 (D.E. # 27) because "Plaintiff [had] not filed any objections to the Report . . . since she filed her Motion, and the extra time she requested in her Motion has passed."

## ANALYSIS

Although neither party has filed objections to the Report, the Court is obligated to review the Magistrate Judge's recommendations to determine whether it will "accept, reject, or modify [them] in whole or in part."[3] After reviewing the Report and other documents filed in the case *de novo*, the Court concludes that the Magistrate Judge correctly granted Defendant summary judgment on its counterclaim and Plaintiff's claim. The Court agrees with the Magistrate Judge's conclusion that Defendant was not a "debt collector" as defined in the FDCPA; therefore, summary judgment in its favor on Plaintiff's FDCPA claim was appropriate. The Court also finds that the Magistrate Judge correctly concluded that Plaintiff failed to produce evidence sufficient to establish a genuine issue of material fact as to whether she had breached the terms of the Contract, especially as Plaintiff acknowledged that she was in default as early as

---

[3]   28 U.S.C. § 636(b)(1)(C).

May of 2009. Accordingly, summary judgment on Defendant's breach of contract counterclaim in Defendant's favor was appropriate. Therefore, the Court **ADOPTS** the Magistrate Judge's Report and **GRANTS** Defendant's Motion for Summary Judgment.

### Damages

In her Report, the Magistrate Judge recommended that judgment be entered in favor of Santander for monetary damages in the amount of $23,713.75, possession of the Vehicle, attorney's fees, and costs. In its Counterclaim, pursuant to the Contract, Defendant requested possession of the Vehicle and money damages for the balance remaining on the Contract. Section 3b provides as follows:

> **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means: [y]ou [did] not pay any payment on time; [y]ou [gave] false, incomplete, or misleading information on a credit application; [y]ou start[ed] a proceeding in bankruptcy or one is started against you or your property; or [y]ou break any agreements in this contract. The amount you will owe will be the unpaid part of the amount financed plus the earned and unpaid part of the finance charge, any late charges, and any amounts due because you defaulted.[4]

It is undisputed that Plaintiff is in default under the Contract. Accordingly, based on this provision, the Court finds that Plaintiff must pay to Defendant the remaining amount owed on the Contract, which, as stated in the Counterclaim, is $23,713.75. Furthermore, Defendant is entitled to possession of the vehicle pursuant to Section 3d of the Contract, which provides that:

> **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store

---

[4]  (Def.'s Ans. & Countercl., D.E. # 4-1, at 2.)

> them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.[5]

Therefore, because it is undisputed that Plaintiff is in default and in breach of the Contract, Defendant is entitled to possession of the Vehicle.

Additionally, Defendant asserts that it is entitled to costs and attorney's fees under the terms of the Contract. Section 3c of the Contract provides as follows:

> **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. You will also pay any collection costs we incur as the law allows.[6]

Here, "[t]he language of [this] clause is clear and unambiguous. Where the language of a written instrument is unambiguous, the Court must interpret it as written rather than according to the unexpressed intention of one of the parties."[7]

The Court finds Section 3c to be unambiguous and clear on its face: it requires Plaintiff to pay attorney's fees and court costs if Defendant hires an attorney to collect on any breach of the Contract. Tennessee follows the American Rule regarding attorney's fees, "which provides that litigants must pay their own attorney's fees unless there is a statut[ory] or contractual provision providing otherwise."[8] Section 3c of the Contract appears to the Court to be such a provision. Because Plaintiff breached the Contract, she is liable to Defendant for attorney's fees, court costs, and collection costs. Therefore, Defendant shall submit within thirty (30) days of

---

[5]     (*Id.*)

[6]     (*Id.*)

[7]     *Trinity Indus., Inc. v. McKinnon Bridge Co., Inc.*, 147 S.W.3d 225, 234 (Tenn. Ct. App. 2003).

[8]     *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005).

this Order a Motion for Attorney's Fees and Collection Costs under Section 3c.  Plaintiff shall then have thirty (30) days following the filing of Defendant's Motion to respond.  The Court will then determine the amount of attorney's fees and collection costs to be awarded.

## CONCLUSION

For the reasons set forth above, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation.  Defendant's Motion for Summary Judgment is **GRANTED**, and Defendant is entitled to $23,713.75 under in damages under the Contract, possession of the Vehicle, and attorney's fees and collection costs.  The Court will award attorney's fees and collection costs by separate order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 8, 2012.