UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| COUNTESS FLEMING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-2184-STA-dkv |
| | ) |
| SANTANDER CONSUMER USA, INC., and | ) |
| RONALD SMITH, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| SANTANDER CONSUMER USA, INC., | ) |
| | ) |
| Counter-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| COUNTESS FLEMING, | ) |
| | ) |
| Counter-Defendant. | ) |

**ORDER GRANTING DEFENDANT SANTANDER CONSUMER USA, INC.'S MOTION
FOR ATTORNEY'S FEES AND COLLECTION COSTS**

Before the Court is Defendant Santander Consumer USA, Inc.'s ("Defendant Santander") Motion for Attorney's Fees and Collection Costs (D.E. # 29), filed on March 9, 2012. For the following reasons, Defendant Santander's Motion is **GRANTED.**

**BACKGROUND**

Plaintiff began this case by filing a Civil Warrant in General Sessions Court for Shelby County, Tennessee, on January 27, 2011. (D.E. # 1 at 1.) Plaintiff's Civil Warrant alleged that Defendant had violated the Fair Debt Collection Practices Act ("FDCPA") from April 19, 2010,

1

to May 30, 2010, because it conducted "phone calls and other collection activities . . . against Plaintiff at her home and cell phone." (D.E. # 1-2 at 2.) Defendant filed a Notice of Removal (D.E. # 1) on March 9, 2011, thereby removing the case to this Court. On February 8, 2012, the Court granted Defendant Santander's Motion for Summary Judgment and adopted the Magistrate Judge's Report and Recommendation on Plaintiff's FDCPA claim and Defendant Santander's own counterclaim for breach of contract. (D.E. # 28.) On March 9, 2012, Defendant Santander filed its Motion for Attorney's Fees and Collection Costs. (D.E. # 29.) Plaintiff and Defendant Smith had thirty days in which to file a Response, and they have failed to do so.

In its Motion for Attorney's Fees and Collection Costs, Defendant Santander cites to the Retail Installment Contract ("the Contract") and the Court's Order granting its Motion for Summary Judgment as grounds for its attorney's fees in the amount of $9,860.00 and collection costs in the amount of $381.07. (Def. Santander's Mot., D.E. # 29, at 1-2.) As the prevailing party at summary judgment, Defendant Santander argues that the amount of fees requested by its attorney is reasonable. (*Id.* at 2.) To support its claim for attorney's fees, Counsel for Defendant Santander included her billing records at the rate of $200.00 an hour. (D.E. # 29-1, at 1-21.) Counsel's Affidavit indicate that the fees in the billing records were charged for the work for which she had primarily responsibility, and the $200.00 hourly rate is her firm's standard hourly rate for attorneys providing services as billed in this case. (Aff. of Holly Knight, D.E. # 29-2, at 2.) She asserts that "the fees incurred and the costs disbursed and paid as set forth in [D.E. # 29-1] are reasonable and were necessarily incurred." (*Id.*) In her opinion, the fees are reasonable in the community in which the services were provided. (*Id.*)

## ANALYSIS

Section 3c of the Contract provides as follows:

> **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. You will also pay any collection costs we incur as the law allows.[1]

Here, "[t]he language of [this] clause is clear and unambiguous. Where the language of a written instrument is unambiguous, the Court must interpret it as written rather than according to the unexpressed intention of one of the parties."[2] Because the Court found that Plaintiff breached the Contract, she is liable to Defendant Santander for attorney's fees, court costs, and collection costs under the Contract.

Reasonable attorney's fee awards are determined by the fee applicant's lodestar amount, which is calculated by multiplying the proven number of hours worked by a court-ascertained reasonable hourly rate.[3] Whether a fee is reasonable turns on the court's evaluation of a myriad of factors, including

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of

---

[1] (Contract, D.E. # 16-4, at 2.)

[2] *Trinity Indus., Inc. v. McKinnon Bridge Co., Inc.*, 147 S.W.3d 225, 234 (Tenn. Ct. App. 2003).

[3] *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[4]

The attorney's fee must be sufficiently documented for the court to be able to adequately evaluate it.[5]

The Court finds that Defendant Santander's attorney has adequately documented her time records, as each time entry in the twenty-one pages of invoices she submitted contains a description of the work performed and charges time to the nearest tenth of an hour.[6] Defendant Santander prevailed on all of Plaintiff's claims as well as its own counter-claim. Therefore, the Court finds that a deduction for fees requested for unsuccessful claims would be unnecessary. Furthermore, the descriptions accompanying each time entry appear to relate work performed by attorneys, including drafting motions, meeting with and emailing clients and opposing counsel, conducting depositions, and reviewing files.[7] Therefore, the Court finds that the hourly rate does not merit reduction for work performed by paralegals or secretaries.

Defendant Santander's attorney has calculated her fees at an hourly rate of $200.00 per hour. She asserts that this rate is her firm's standard hourly rate charged for providing the services listed in the Invoices.[8] They seek $9,860.00 in fees for work performed at $200.00 per hour. The Court finds both the hourly rate and the number of hours worked to be reasonable.

---

[4] *Hensley*, 461 U.S. at 430 n.3.

[5] *United Slate, Tile and Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co., Inc.*, 732 F.2d 495, 502 (6th Cir. 1984).

[6] (*See* Invoices, D.E. # 29-1, at 1-21.)

[7] (*Id.*)

[8] (Aff. of Holly Knight, D.E. # 29-2.)

Therefore, Defendant Santander's lodestar amount of $9,860.00 in attorney's fees is reasonable. Furthermore, Plaintiff has not objected to the fee requested. Thus, the Court awards attorney's fees in the amount of $9,860.00 to Defendant Santander.

Moreover, section 3c of the Contract also provides for an award of collection costs. Here, Defendant Santander's attorney has calculated $381.07 in collection costs. These costs include the fee to remove the case to federal court, messenger fees, and case research fees. The Court finds these costs reasonable and necessary to collect the amount owed to Defendant Santander. Accordingly, the Court awards collection costs in the amount of $381.07 to Defendant Santander.

## CONCLUSION

Having determined that an award of attorney's fees and collection costs is appropriate in this case, Defendant Santander's Motion for Attorney's Fees in the amount of $9,860.00 and Collection Costs in the amount of $381.07 is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 8, 2012.